UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LISA L. BRUNO,**

        **Plaintiff,**

**v.**                                                                            **Case No: 6:22-cv-1331-EJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

**ORDER**[1]

This cause comes before the Court on Plaintiff's appeal of an administrative decision denying her application for Supplemental Security Income ("SSI"), alleging July 24, 2020, as the disability onset date. (Tr. 39; Doc. 30.) In a decision dated October 27, 2021, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. (Tr. 28.) Plaintiff has exhausted the available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the parties' briefing, and the applicable law. For the reasons stated herein, the Court **AFFIRMS** the Commissioner's decision.

---

[1] On October 25, 2022, both parties consented to the exercise of jurisdiction by a magistrate judge in this case. (Doc. 13.) Accordingly, the case was referred to the undersigned by an Order of Reference on October 25, 2022. (Doc. 15.)

**I.     ISSUE ON APPEAL**

The issue on appeal is whether the ALJ provided an adequate analysis when evaluating the medical opinions of record. (*See* Doc. 30.)

**II.    STANDARD OF REVIEW**

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is de novo." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

**III.   ANALYSIS**

### A. The ALJ's Evaluation of Dr. Anthony Mazo-Mayorquin's Opinion Evidence

Plaintiff states that the ALJ erred in evaluating the opinion of her neurologist, Dr. Anthony Mazo-Mayorquin, because the ALJ failed to adequately consider the "supportability" and "consistency" factors as required by 20 C.F.R. § 404.1520c(b)(2). (*See* Doc. 20.) The commissioner argues in response that the ALJ's treatment of Dr. Mazo-Mayorquin's opinion adequately addressed the factors of supportability and consistency. (*See* Doc. 21.)

Under the revised regulations, the Commissioner no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, the Commissioner must "consider" the "persuasiveness" of all medical opinions and prior administrative medical findings. *Id.* To that end, the Commissioner considers five factors: 1) supportability; 2) consistency; 3) relationship with the claimant;[2] 4) specialization; and 5) other factors "that tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* §§ 404.1520c(c); 416.920c(c).

The most important of these factors are supportability and consistency, and the ALJ must explain the consideration of those two factors. *Id.* §§ 404.1520c(a), (b)(2); 416.920c(a), (b)(2). The ALJ may, but is not required to, explain how he or she considered the other factors (i.e., relationship with claimant, specialization, and "other factors"). *Id.* §§ 404.1520c(b)(2); 416.920c(b)(2). In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis—the regulations themselves do not require the ALJ to explain the consideration of each opinion from the same source. *Id.* §§ 404.1520c(b)(1); 416.920c(b)(1). The regulations state:

---

[2] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

> [W]hen a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from the medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative finding from one medical source individually.

*Id*. In sum, the ALJ's analysis is directed to whether the medical source's opinion is supported by the source's own records and consistent with the other evidence of record.

Here, after discussing the findings in Dr. Mazo-Mayorquin's medical opinions, the ALJ ultimately concluded:

> Dr. Mazo-Mayorquin's statements about the claimant's compliance with her medication and stability of her seizures is persuasive, given it is consistent with the available record and supported by his treatment notes. However, the undersigned finds the functional limitations and statements contained in the frequency report not to be persuasive, given it is neither supported by Dr. Mazo-Mayorquin's treatment notes nor consistent with the record available at the time of this decision.

(Tr. 26.) Specifically, the ALJ stated that "[a]lthough the claimant stated she continued to experience seizures, Dr. Mazo-Mayorquin noted the claimant frequently reported experiencing no more than one to two seizures between examinations and he determined that her seizure activity improved with adjustments to her medications and was generally well-controlled." (*Id.*)

The ALJ properly considered and evaluated the opinions based on the revised regulations. For supportability, the ALJ considered that the severity of the doctor's

opinion was not supported by his own examination findings and Plaintiff's own reports. (Tr. 856, 858, 860, 864, 865, 1192, 1993, 1197); *see* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1) (explaining supportability considers the objective medical evidence presented by a medical source to support his or her medical opinion). For instance, the ALJ noted that Dr. Mazo-Mayorquin notation of Plaintiff's complaints was inconsistent with Dr. Mazo-Mayorquin's Seizures Medical Source Statement, where he found that Plaintiff's seizures were stable with medication. (Tr. 1197.) Thus, I find that the ALJ adequately analyzed Dr. Mazo-Mayorquin's opinions with respect to supportability.

As to the consistency of Dr. Mazo-Mayorquin's opinion with the record, the ALJ considered that while Plaintiff claimed continued seizure activity and chronic migraine headaches, her other examiners noted no significant neurological or cognitive abnormalities and that her symptoms improved with medication. (Tr. 26.) The ALJ found that "[t]his evidence supports Dr. Mazo-Mayorquin's statements regarding claimant's compliance with her medication and the stability of her seizures but does not support the extensive functional limitations included in his opinion." (*Id.*; *see also id.* at 871–872, 1054–1055, 1064–1065, 1101–1102.) Thus, I find that the ALJ properly considered the consistency factor.

### B. The ALJ's Evaluation of the State Agency Medical Consultants Opinion Evidence

Plaintiff further contends that the Commissioner's decision should be reversed because the ALJ did not consider whether the October 2020 opinion of Dr. Junejo and

the March 2021 opinion of Dr. Troiano were consistent with Dr. Mazo-Mayorquin's opinion. (Doc. 20 at 22–24.) Dr. Shakra Junejo and Dr. Debra Troiano are state agency medical consultants. (Tr. 24.) The ALJ found their opinions to be "partially persuasive" and "most persuasive," respectively, given their consistency with the record available at the time of the ALJ's decision. (*Id.*) However, Plaintiff argues that neither doctor had the opportunity to review later evidence in the record. (Doc. 20 at 23.) Specifically, "Dr. Junejo was unable to review Dr. Mazo's December 2020 treatment note that Plaintiff had 4 seizures since her last exam in August (Tr. 966). . . . Dr. Troiano was unable to review Dr. Mazo's May 2021 note that there were 'no changes' to Plaintiff's seizures." (Doc. 20 at 23.) Additionally, "neither doctor could review Dr. Mazo's September 2021 Seizure Medical Source Statement." (*Id.*) Ultimately, Plaintiff asserts that the ALJ failed to resolve the inconsistencies between the state agency physicians' opinions with Dr. Mazo-Mayorquin's opinion, and that the failure should lead to the conclusion that the ALJ erred in finding the former opinions to be more persuasive than Dr. Mazo-Mayorquin's opinion. (*Id.*)

Here, Plaintiff has failed to demonstrate that the ALJ was required to specifically consider the consistency between the two state medical consultants' medical opinions and Dr. Mazo-Mayorquin's opinion. (*See* Doc. 20.) The ALJ properly considered each opinion and whether each was consistent with the record *as a whole*. *See* 20 C.F.R. § 404.1527(c)(4). ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion). Plaintiff appears to invite the Court to reweigh the evidence and find that the state medical

consultants' opinions should be given greater weight than Dr. Mazo-Mayorquin's opinion. The Court declines to do so. *Winschel*, 631 F.3d at 1178 ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].") (citations and quotations omitted).

Upon review, the Court finds that the ALJ properly evaluated the medical opinion evidence, adequately articulated her consideration of the supportability and consistency factors, and supported her decision with substantial evidence. Therefore, the Court declines to disturb the ALJ's decision on review.

### IV. CONCLUSION

Upon consideration of the foregoing, it is **ORDERED** and **ADJUDGED** that:

1. The Commissioner's final decision in this case is **AFFIRMED**; and
2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on July 31, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE